[Cite as *State v. Hurst*, 2013-Ohio-4016.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA33 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| MICHAEL HURST, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 09/11/13** |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Francisco E. Lüttecke, Assistant State Public Defender, Columbus, Ohio, for Appellant.

James E. Schneider, Washington County Prosecutor, and Alison L. Cauthorn, Washington County Assistant Prosecutor, Marietta, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} This matter comes before us following our decision under App.R. 26(B) to reopen Appellant, Michael Hurst's, direct appeal. Here, Appellant raises a single assignment of error, contends the trial court erred in imposing separate sentences for offenses, which he claims arose from the same conduct, were not committed separately or with a separate animus, and should have been merged for sentencing purposes under R.C. 2941.25. Because we conclude that the trial court did not apply the test for determining allied offenses of similar import set forth in *State v. Johnson*,

128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the portion of the trial court's order sentencing Appellant to consecutive sentences for his convictions on eleven counts in violation of R.C. 2907.323(A)(1)[1] and eleven counts in violation of R.C. 2907.323(A)(3)[2] is hereby vacated and the matter is remanded for further proceedings consistent with this opinion.

FACTS

{¶2} As noted in our decision granting Appellant's application for reopening, Appellant was convicted of eleven counts of illegal use of a minor in nudity oriented material or performance, second degree felonies in violation of R.C. 2907.323(A)(1), eleven counts of illegal use of a minor in nudity oriented material or performance, fifth degree felonies in violation of R.C. 2907.323(A)(3), as well as tampering with evidence, a third degree felony in violation of R.C. 2921.12(A)(2). Appellant was sentenced on each count, to a combined prison term of twenty six and a half years, as evidenced in the trial court's October 13, 2010.

{¶3} Appellant filed an initial appeal from his convictions and sentences, which we affirmed in *State v. Hurst*, 4th Dist. No. 10CA33, 2012-Ohio-2465. Appellant subsequently filed an application for reopening. Over the objection of the State, this Court granted Appellant's application

---

[1] These convictions were for illegal use of a minor in nudity oriented material or performance, which involved the transfer of the material or performance.
[2] These convictions were also for illegal use of a minor in nudity oriented material or performance, but simply involved possession of the material or performance.

for reopening regarding to whether appellate counsel was ineffective in failing to raise an assignment of error based upon the trial court's imposition of separate, consecutive sentences for offenses which Appellant argues were allied offenses of similar import under R.C. 2941.25. In granting Appellant's application, this Court concluded that Appellant had raised a colorable claim of ineffective assistance of counsel based upon appellate counsel's failure to challenge the trial court's imposition of separate, consecutive sentences for offenses which possibly should have been merged as allied offenses of similar import under the test set forth in *State v. Johnson*, supra. Thus, the matter is now before us once again, via a reopened direct appeal, wherein Appellant raises a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED WHEN IT IMPOSED SEPARATE SENTENCES FOR OFFENSES THAT AROSE FROM THE SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES UNDER R.C. 2941.25."

{¶4} In his sole assignment of error, Appellant contends that the trial court erred in imposing separate sentences for offenses, which he claims arose from the same conduct, were not committed separately or with a separate animus, and should have been merged for sentencing purposes under R.C. 2941.25. More specifically, Appellant contends that the offenses

of which he was convicted, which involved both the "transfer" and "possession" sections of the illegal use of a minor in nudity oriented material or performance statute, were committed by the same conduct and are therefore allied offenses of similar import under the reasoning of the Supreme Court of Ohio in *State v Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶5} As the Supreme Court explained in *State v. Johnson* at ¶ 47, under R.C. 2941.25, "the court must determine prior to sentencing whether the offenses were committed by the same conduct." The initial question is whether it is possible to commit the two offenses with the same conduct.

*Johnson* at ¶ 48. If so, we must then look to the facts of the case and determine whether the two offenses actually were committed by the same conduct, "i.e., 'a single act, committed with a single state of mind.' " *Johnson* at ¶ 49; quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50.

**{¶6}** "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Johnson* at ¶ 50. "Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R .C. 2941.25(B), the offenses will not merge." *Johnson* at ¶ 51.

**{¶7}** As we noted in our decision granting Appellant's application for reopening, Appellant was sentenced just prior to the release of the *Johnson* decision and the new allied offenses test contained therein; therefore, if any test was employed by the trial court in imposing Appellant's sentence, it would have been the test set forth in *State v. Rance*.[3] However, the *Johnson* decision expressly overruled the *Rance* decision. *Johnson* at syllabus. Thus, although Appellant was sentenced just prior to *Johnson* being released, the

---

[3] A review of the sentencing transcript, however, reveals that the issue of allied offenses was never actually discussed by counsel or the trial court, but rather there was simply a request for concurrent sentences based upon the similarity of the offenses of possession and transfer.

reasoning of *Johnson* was nevertheless applicable as Appellant's underlying case was pending on direct appeal at the time of its release. *State v. Literal*, 4th Dist. No. No. 12CA3479, 2012-Ohio-6298, FN. 1.

{¶8} Again, as we have previously noted, we are mindful that the trial court could not have applied the test set forth in *Johnson* at the time of Appellant's sentencing hearing as the decision had not yet been released. However, as the matter was pending on direct appeal at the time the *Johnson* decision was released, the issue of merger and the question of the appropriate test to be applied in reaching that determination should have been raised as part of Appellant's direct appeal. The record before us indicates that the question of allied offenses was minimally discussed, if it was discussed at all, during sentencing.

{¶9} Faced with this procedural history, we find that the most appropriate remedy at this juncture is to remand this matter to the trial court for further review to determine whether Appellant's conduct is allied under *State v. Johnson,* supra. *State v. Grube* , -- Ohio App.3d --, 2013-Ohio- 692, 987 N.E.2d 287, ¶ 52; citing, *State v. Delawder*, 4th Dist. No. 10CA3344, 2012-Ohio-1923, ¶ 41. We find it to be inappropriate for this Court to make such an initial determination when the trial court has yet to consider this particular question, and failed to have the benefit of applying the new test.

{¶10} In light of the foregoing, the portion of the trial court's order

sentencing Appellant to consecutive sentences on the eleven "transfer" convictions and the eleven "possession" convictions is hereby vacated and this matter is remanded.  Accordingly, the decision of the trial court is reversed in part and this matter is remanded for further proceedings consistent with this opinion.

**JUDGMENT REVERSED IN PART AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED IN PART and that the CAUSE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**