[Cite as *State v. Woolum*, 2013-Ohio-5611.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 12CA46 |
| vs. | : | |
| | | DECISION AND |
| COREY WOOLUM, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 12/13/2013 |

APPEARANCES:

Robert W. Bright, Middleport, Ohio, for Defendant-Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Plaintiff-Appellee.

Hoover, J.

{¶ 1} Corey Woolum appeals his convictions and sentence in the Athens County Common Pleas Court for extortion, burglary, and theft from the elderly. Woolum contends that the trial court erred in imposing separate sentences for the offenses, which he claims arose from the same conduct, were not committed separately or with a separate animus, and should have merged for sentencing purposes under R.C. 2941.25 and *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Because the trial court did not apply the appropriate test for determining allied offenses of similar import, the matter is remanded so that the trial court can determine whether his convictions should merge for sentencing.

{¶ 2} Woolum also argues that he was deprived of the effective assistance of counsel because his trial attorney failed to develop the factual record, therefore making it difficult to

discern whether the offenses were allied offenses of similar import.  This argument is rendered moot by our decision to remand.

I.

FACTS

{¶ 3}  A grand jury indicted Woolum for extortion, a violation of R.C. 2905.11(A), a felony of the third degree; burglary, a violation of R.C. 2911.12(A)(3), a felony of the third degree; and theft from the elderly, a violation of R.C. 2913.02(A)(1), a felony of the fourth degree.  At his arraignment, Woolum pled not guilty to all of the offenses.

{¶ 4}  Woolum subsequently entered into a plea agreement with the State of Ohio ("appellee"), wherein he agreed to change his plea to guilty to all three counts of the indictment. In exchange for the guilty plea, appellee agreed to recommend a sentence of community control, to forego indictment for Woolum's failure to appear at a court hearing, to recommend joint and several restitution of $2,000.00 with Woolum's co-defendant, and to return Woolum's vehicle which had been seized during investigation.

{¶ 5}  The trial court accepted the plea, and sentenced Woolum to five years of community control.  The trial court notified Woolum of the maximum possible prison term of seven (7) years and six (6) months. The prison term was presumably calculated by adding the maximum prison term for each offense, served consecutively.  Woolum was also ordered to pay $2,000.00 restitution, joint and severally, with his co-defendant.

{¶ 6}   The facts giving rise to Woolum's convictions and sentence are not clear from the record.  The indictment offers some insight noting that:

*** [O]n or about the 11th day of September, 2011, up to and including the 21st

day of September, 2011, at the County of Athens aforesaid, Corey J. Woolum did

commit the crime of Extortion *** [,] on or about the 22nd day of September, 2011, at the County of Athens, aforesaid, Corey J. Woolum did commit the crime of Burglary *** [and] on or about the 22nd day of September, 2011, at the County of Athens aforesaid, Corey J. Woolum did commit the crime of Theft from the Elderly * * * .

(Emphasis deleted.)

{¶ 7}    A Bill of Particulars was also filed with the trial court, and offered a few additional details:

On or about September 11, 2011, up to and including September 21, 2011, * * * Corey J. Woolum and Aires Dorst did threaten [the victim] by telling her that drug dealers were going to kill her if she did not give them money to pay off her son's drug debts.  Woolum and Dorst later returned to [the victim's] residence and removed a riding mower from her garage without permission.  Defendant's acts are in violation of R.C. Section 2905.11(A), Extortion, a felony of the third degree; R.C. Section 2911.12(A)(3), Burglary, a felony of the third degree and R.C. Section 2913.02(A)(1), Theft from the Elderly, a felony of the fourth degree.

{¶ 8}    Finally, appellee offered a recitation of the facts at Woolum's change of plea hearing, noting that:

* * * On or about September 22nd of 2011 to October 13th of 2011 the Defendant and his co-defendant, Aires Dorst, told the victim * * * that drug dealers were going to kill her if she didn't give them $2,100.00 to pay off her son's drug debts. They later went back to the residence uh, went into her garage and took a riding lawn mower from her garage.  So that's where the burglary comes from. * * *

The $2,000.00 restitution is the money that uh, the victim * * * had given to the

Defendant and the co-defendant in order to pay back a drug debt. The unalleged

[sic] drug debt. Uh, to my knowledge none of that has been paid back. * * *

I knew that uh, the Defendant, the co-defendant and [the victim's son] were three

friends that allegedly have a drug problem that got mixed into a, got mixed into

this situation * * *.

[Change of Plea Hearing Tr. at 3-4.]

{¶ 9} Woolum's trial counsel declined to comment on the facts at his change in plea

hearing; and neither Woolum nor the appellee offered a statement of facts at the sentencing

hearing. Woolum's trial counsel did, however, raise the issue as to whether the burglary and

theft charges were allied offenses of similar import:

BY ATTORNEY HEDRICK: * * * I didn't remember the underlying sentence

being stated and I don't think that the Court can properly sentence Mr. Woolum to

both the burglary and the theft from the elderly as their, it's basically the same

offense but I'm assuming the State wants the F3 and he could be sentenced to

three years consecutive to three years for a six year sentence but other than that

your honor Mr. Woolum is prepared to uh, prepared to be sentenced and

appreciates the State's recommendation.

BY THE JUDGE:      What do you think about that uh, last statement. About not

being able to sentence on, if those merge. They appear to me like they are

separate.

BY PROSECUTOR SAUNDERS: I believe they are separate as well your honor.

[Sentencing Hearing Tr. at 4.]

{¶ 10}  The trial court did not further discuss whether any of the offenses were allied offenses of similar import.

## II.

## ASSIGNMENTS OF ERROR

{¶ 11}  Woolum presents the following two assignments of error:

First Assignment of Error:

> THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CRIMES WHICH WERE ALLIED OFFENSES OF SIMILAR IMPORT.

Second Assignment of Error:

> COUNSEL FOR THE APPELLANT WAS INEFFECTIVE IN FAILING TO DEVELOP THE FACTS OF THE CASE SUFFICIENTLY IN BOTH THE PLEA HEARING AND THE SENTENCING HEARING.

## III.

## LAW & ANALYSIS

{¶ 12}  In his first assignment of error, Woolum contends that at a minimum his theft from the elderly conviction should merge with either the burglary conviction or the extortion conviction – arguing that the theft conviction arose from either the extortion of the money from the victim, or from the entering of the victim's garage and taking of the riding mower. Alternatively, Woolum contends that all three offenses should merge for sentencing purposes because they are allied offenses of similar import and were committed with the same conduct and a single animus.[1]

{¶ 13}  Under Ohio law, "[w]here the same conduct by [the] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."  R.C.

---

[1] That single animus was allegedly to obtain money for drugs or to resolve a drug debt.

2941.25(A). But "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

{¶ 14} R.C. 2941.25 "codified the judicial doctrine of merger" and "prohibited the 'cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when, in substance and effect, only one offense has been committed.' " *State v. Ware*, 63 Ohio St.2d 84, 86, 406 N.E.2d 1112 (1980), quoting *State v. Roberts*, 62 Ohio St.2d 170, 172-173, 405 N.E.2d 247 (1980). The Supreme Court of Ohio has "consistently recognized that the purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence." *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 43.

{¶ 15} The *Johnson* court announced a new test to determine whether merger is required. To determine whether offenses are allied offenses of similar import under R.C. 2941.25(A), the first question "is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other." (Emphasis sic.) *Id*. at ¶ 48. "If the offenses correspond to such a degree that the conduct of the defendant constituting commission of the one offense constitutes commission of the other, then the offenses are of similar import." *Id*.

{¶ 16} Next, "[i]f the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single

act, committed with a single state of mind.' " *Id*. at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Johnson* at ¶ 50.

{¶ 17} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." (Emphasis sic.) *Id*. at ¶ 51.

{¶ 18} "The question of whether offenses should merge under R.C. 2941.25 ordinarily presents a question of law we review de novo." *State v. Delawder*, 4th Dist. Scioto No. 10CA3344, 2012-Ohio-1923, ¶ 38. But, at the sentencing hearing Woolum argued only his convictions for theft from the elderly and burglary merge. So on the question of whether his extortion conviction should also merge with the theft and burglary convictions, we apply plain error. The "imposition of multiple sentences for allied offenses of similar import is plain error." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 96-102.

{¶ 19} As a preliminary matter, we must address appellee's argument that the absence of facts in the record demonstrating that the offenses should merge precludes a finding of plain error on appeal. In support of its argument, appellee cites *State v. Barrett*, 8th Dist. Cuyahoga No. 97614, 2012-Ohio-3948, 974 N.E.2d 185. The defendant in *Barrett* pled guilty to nine counts of illegal use of a minor in nudity-oriented material or performance, two counts of voyeurism, and one count of possession of criminal tools. *Id*. at ¶ 1. The defendant was sentenced on each of the child pornography counts. *Id*. On appeal, the defendant argued, inter

alia, that the trial court erred by failing to consider whether the child pornography counts were allied offenses of similar import. *Id.*

{¶ 20} The Eighth District Court of Appeals noted that because the defendant terminated the proceedings against him by pleading guilty, the facts alleged in the indictment and admitted by him were the only facts in the record. *Id.* at ¶ 5. The appellate court concluded: "Given the lack of facts in the record on appeal, we cannot find that the court committed error, much less * * * plain error, by failing to inquire prior to sentencing whether separate counts of an indictment are allied offenses of similar import." *Id.* at ¶ 8.

{¶ 21} Appellee's reliance on *Barrett* is misplaced, however, because the *Barrett* decision was recently overruled. *See State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, 98590, 2013-Ohio-3235, ¶ 64 ("We overrule the prior decisions of this court to the extent they are in conflict with this decision. *See, e.g.,* * * * *Barrett*, 2012-Ohio-3948, 974 N.E.2d 185."). In *Rogers*, the Eight District Court of Appeals was again faced with the issue of "the effect of a trial court's failure to inquire or address an allied-offense question where it is clear from a facial review of the charges that the offenses may be allied, even when facts necessary to determine the conduct of the offender are missing." *Id.* at ¶ 24. The appellate court reversed course from its prior decisions, and held that:

> (a) Where a facial question of allied offenses of similar import presents itself, a trial court judge has a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge. A trial court commits plain error in failing to inquire and determine whether such offenses are allied offenses of similar import.

> (b) A defendant's failure to raise an allied offenses of similar import issue in the trial court is not a bar to appellate review of the issue.

(c) While facts establishing the conduct of the offender offered at the time of a

plea may be used to establish that offenses are not allied, a guilty plea alone that

does not include a stipulation or a finding that offenses are not allied offenses of

similar import does not conclusively resolve the merger question. * * *

*Id*. at ¶ 63.

{¶ 22} "When a facial review of the charges and the elements of the crimes present a

viable question of merger, the [trial] court must apply the *Johnson* test." *Id*. at ¶ 28. "A

defendant's conviction on multiple counts, regardless of how achieved, does not affect the

court's duty to merge allied offenses of similar import at sentencing." *Id*. at ¶ 27.

{¶ 23} Put simply, when the plea agreement is silent on the issue of allied offenses of

similar import, the trial court is obligated under R.C. 2941.25 to determine whether the offenses

are allied, and if they are, to convict the defendant of only one offense. *Underwood*, 124 Ohio

St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 29. "This duty is mandatory, not discretionary."

*Id*. at ¶ 26.

{¶ 24} In the case sub judice, the record indicates that the question of allied offenses of

similar import was minimally discussed at sentencing. There is no indication that the trial court

undertook a *Johnson* analysis. Rather it appears that the trial court relied upon the appellee's

representation that the offenses were separate. Moreover, there are insufficient facts in the

record for this court to make an allied offense determination. We have consistently declined to

conduct the *Johnson* analysis in the first instance. *See, e.g., State v. Hurst*, 4th Dist. Washington

No. 10CA33, 2013-Ohio-4016, ¶ 9; *State v. Grube*, 4th Dist. Gallia No. 12CA7, 2013-Ohio-692,

987 N.E.2d 287, ¶ 52; *Delawder*, 2012-Ohio-1923, at ¶ 41. "We find it to be inappropriate for

this Court to make such an initial determination when the trial court has yet to consider this particular question * * *." *Hurst* at ¶ 9.

{¶ 25} Accordingly, we sustain Woolum's first assignment of error in part, and remand the case to the trial court for consideration in the first instance of whether Woolum's offenses are allied offenses of similar import under *Johnson*, supra.

IV.

CONCLUSION

{¶ 26} Woolum's first assignment of error is sustained in part. In light of our decision on this assignment of error, Woolum's argument that he received ineffective assistance of counsel is moot. The judgment of the Athens County Common Pleas Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

Harsha, J., concurring in part and dissenting in part:

{¶ 27}  I agree that we should reverse and remand on the issue of whether the theft and burglary charges should merge.  However, I would not apply plain error to the extortion merger issue because appellant's counsel invited any error in that regard by specifically contending that merger applied only to the theft and burglary charges.  A defendant who invited an error cannot avail him/herself of the benefits of the plain error doctrine.  See *State v. Black*, 4th Dist. No. 12CA3327, 2013-Ohio-2105, ¶ 71, Harsha, J., concurring in part and dissenting in part, citing *State v. Humberto*, 196 Ohio App.3d 230, 2011-Ohio-3080, 963 N.E.2d 162, ¶ 42.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellant and Appellee shall split the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J.:  Concurs in Judgment Only.
Harsha, J.:  Concurs in part and dissents in part with separate opinion.

For the Court

By:_____
                Marie Hoover, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.