[Cite as *State v. Cole*, 2014-Ohio-2967.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA49 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| CRYSTAL COLE, | : | |
| Defendant-Appellant. | : | **RELEASED: 04/17/2014** |

<u>APPEARANCES</u>:

James S. Sweeney, James Sweeney Law, L.L.C., Columbus, Ohio, for appellant.

Patrick J. Lang, City of Athens Director of Law, and Lisa A. Eliason, Chief City Prosecutor, Athens, Ohio, for appellee.

Harsha, J.

{¶1}    After entering pleas of no contest, Crystal Cole was convicted of petty theft and criminal trespass related to her shoplifting of nearly $500 worth of merchandise from a Wal-Mart store.  Cole argues that the Athens County Municipal Court erred when it failed to merge these convictions.  Based on the facts presented by the state at the change of plea hearing,  we agree Cole raised a viable issue regarding merger, i.e. whether the offenses constituted allied offenses of similar import because Cole may have committed them as part of a single act and with the same animus, specifically, to steal Wal-Mart merchandise.  Because there is no indication that the trial court undertook an analysis of whether the offenses are allied offenses of similar import, we sustain Cole's sole assignment of error, reverse the judgment, and remand the cause so that the trial court can determine whether her convictions should merge for sentencing.

I.  FACTS

**{¶2}**   In 2009, Cole signed a statement acknowledging that because of her prior conduct she was banned from all Wal-Mart property and that if she entered the store's property, she would be subject to arrest and prosecution for criminal trespass.

**{¶3}**   On October 7, 2012, Cole and her fifteen-year old daughter entered a Wal-Mart store in Athens with two large purses.  Cole selected $497.08 worth of Wal-Mart merchandise and gave it to her daughter, who concealed the items in the purses.  They then attempted to exit the store without paying for the merchandise.  According to Cole, she was in an abusive relationship in which she was forced to steal.

**{¶4}**   Cole was charged with petty theft in violation of Athens City Code Section 13.03.01, a misdemeanor of the first degree, and criminal trespass in violation of Athens City Code Section 13.03.17(A)(1), a misdemeanor of the fourth degree.  At a hearing where the state presented a statement of facts, Cole pleaded no contest to the charges, and the trial court found her guilty.  For the petty theft charge, the trial court sentenced her to 180 days in jail (177 days suspended), ordered her to pay a $1,000 fine ($750 suspended), and placed her on probation.  For the criminal trespass charge, the trial court sentenced her to 30 days in jail (all suspended), fined her $250 ($150 suspended), and placed her on probation.  Although Cole's trial counsel argued that the crimes were allied offenses subject to merger, the trial court did not merge the offenses and did not conduct an analysis of the issue.  The state did not present any argument on the issue.

**{¶5}**   On appeal, Cole's first appointed appellate counsel moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he discerned no arguably meritorious issue for appeal.  After independently

reviewing the record, we disagreed with counsel's assessment and determined that the record contained a potentially meritorious claim regarding whether Cole's crimes constituted allied offenses of similar import. We granted counsel's motion to withdraw and appointed the Ohio Public Defender's office to represent Cole in this appeal. We later granted that office's motion to withdraw and appointed Cole's current counsel to prosecute this appeal. The parties eventually submitted appellate briefs on the potentially meritorious claim.[1]

## II. ASSIGNMENT OF ERROR

**{¶6}** Cole assigns the following error for our review:

THE TRIAL COURT ERRED IN FAILING TO PROPERLY MERGE TWO
ALLIED OFFENSES OF SIMILAR IMPORT AT SENTENCING
PURSUANT TO R.C. 2941.25,

## III. STANDARD OF REVIEW

**{¶7}** Appellate courts apply a de novo standard of review in an appeal challenging a trial court's determination of whether offenses constitute allied offenses of similar import that must be merged under R.C. 2941.25. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28; *State v. Woolum*, 4th Dist. Athens No. 12CA46, 2013-Ohio-5611, ¶ 18, citing *State v. Delawder*, 4th Dist. Scioto No. 10CA3344, 2012-Ohio-1923, ¶ 38. Because Cole's trial counsel raised this issue below, we need not apply the stricter plain-error standard of review. *Woolum* at ¶ 18.

## IV. LAW AND ANALYSIS

---

[1] This unique set of circumstances – the failure of Cole's first appointed appellate counsel to recognize a potentially meritorious claim, the withdrawal of the first two of Cole's appointed appellate counsel, the appointment of Cole's current appellate counsel, and the granting of extensions of time for that appellate counsel to file a brief on the potentially meritorious claim – necessitated the delay in our decision on the merits of this appeal. It was only when briefing on the potentially meritorious claim was completed that this matter was ripe for our review.

Allied Offenses of Similar Import

**{¶8}**    In her sole assignment of error, Cole asserts that the trial court erred in not merging her charged offenses of petty theft and criminal trespass.  More specifically, she claims that because the facts raise a viable issue of merger, a reversal and remand is warranted for the trial court to address the issue.

**{¶9}**    R.C. 2941.25, which is the legislative attempt to codify the judicial doctrine of merger, identifies two requirements for merger:  (1) the offenses must result from the same conduct, and (2) the offenses must share a similar import.  *State v. Washington*. 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 11-12.  "[T]he purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding related offenses arising from the same occurrence."  *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E2d 1061, ¶ 43.

**{¶10}**  "Through a series of opinions the Supreme Court of Ohio has advised and re-advised lower courts on the difficult task of applying Ohio's multiple-count statute [R.C. 2941.25] to determine which criminal convictions require merger."  *Delawder* at ¶ 39.  "For decades, Ohio courts * * * used a two-prong test to assess the import, conduct, and animus components in R.C. 2941.25 when a defendant is guilty of multiple offenses[, but] [o]ver the years confusion surrounded the application of the first prong, 'similar import.' "  *Washington* at ¶ 13.

**{¶11}**  The state claims that a "facial review of the charges and elements of the crime[s] do[es] not present a viable question of merger" because "[n]one of the elements of [petty] theft and merger are the same."  In effect, the state claims that an abstract review of the elements of the crimes reveals that the crimes are not allied

offenses of similar import.  However, we reject the state's analysis because the Supreme Court of Ohio overruled *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), which had required a comparison of the statutory elements of the crimes in the abstract in the first part of its allied-offenses test, in *Johnson* at the syllabus.

**{¶12}**  In its plurality decision in *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court of Ohio adopted a new first part of the test, in which the trial court must initially determine "whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other."  (Emphasis *sic.*)  *Id.* at ¶ 48.  *Johnson* thus expressly rejected the state's argument here that "[o]ne need not commit trespass to commit theft or need to commit theft to trespass" as dispositive of the merger issue. Rather, "[i]f the offenses correspond to such a degree that the conduct of the defendant constituting commission of the one offense constitutes commission of the other, then the offenses are of similar import," and the trial court can proceed to the second part of the test.  *Id.*

**{¶13}**  Under the second step the trial court must determine whether the offenses were committed by the same conduct—a  single act committed with a single state of mind.  *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 49.  If so, merger of the offenses is necessary.  *Id.* at ¶ 50.

**{¶14}**  Cole pleaded no contest to, and was found guilty of, petty theft in violation of Athens City Code Section 13.03.01,[2] which states in (A)(1) that "[n]o person, with

---

[2] Under Athens City Code 13.03.01(B), the petty theft offense "does not apply if the value of the property involved is $300.00 or more."  It appears from the state's statement of facts at Cole's plea hearing that Cole stole more than this amount from Wal-Mart.  Nevertheless, because the state chose not to charge

purpose to deprive the owner of property or services, shall knowingly exert control over either the property or services * * * without the consent o[f] the owner or person authorized to give consent." Cole also pleaded no contest to, and was found guilty of, criminal trespass in violation of Athens City Code section 13.03.17(A)(1), which provides that "[n]o person, without privilege to do so, shall * * * knowingly enter or remain on the land or premises of another."

**{¶15}** Cole's offenses of petty theft and criminal trespass are of similar import because they can be committed with the same conduct. That is, a person could commit a theft offense while that person, without privilege to do so, knowingly enters or remains on the property of another. In *State v. Carsey*, 4th Dist. Athens Nos. 12CA37 and 12CA38, 2013-Ohio-4482, ¶ 9, we recently reached a similar conclusion in holding that the offenses of theft and burglary, which includes a trespass element, are offenses of similar import because they can be committed with the same conduct.

**{¶16}** Under the second part of the test the state's statement of facts at Cole's plea hearing raised the issue of whether she committed the offenses as part of a single act and had the same animus for both the petty theft and the criminal trespass, i.e., to steal Wal-Mart merchandise. She and her daughter entered the Wal-Mart store with large purses, which they used to conceal shoplifted items, and they exited the store without paying for the items.

**{¶17}** Under these circumstances, the offenses of petty theft and criminal trespass might constitute allied offenses of similar import. *See Carsey* at ¶ 12 (theft and burglary constituted allied offenses of similar import where the defendant "committed

---

Cole with a greater offense and neither party claims error on this basis, we proceed to resolve this appeal based on the petty theft offense.

the offenses as part of a single act and had the same animus for both crimes, i.e., to steal the Pierces' property"), citing *State v. James*, 5th Dist. Delaware No. 11 CAA 05 0045, 2012-Ohio-966, ¶ 40 (finding theft and burglary constituted allied offenses of similar import where both charges stemmed from the defendant's "conduct of entering [a] garage to steal items therein," and the defendant "committed both offenses through a single course of conduct and with [a] single state of mind"), and *State v. Green*, 11th Dist. Lake No. 2011-L-037, 2012-Ohio-2355, ¶ 66 (finding that grand theft and burglary were allied offenses of similar import where the indictment alleged that the defendant burglarized the occupied structure with the purpose to commit the grand theft).

{¶18} When the record is silent on the issue of allied offenses of similar import and a facial review of the charges and the state's statement of facts raises a viable issue of merger, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense. *See, e.g., Woolum*, 4th Dist. Athens No. 12CA46, 2013-Ohio-5611, ¶ 23, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29 (specifying this obligation when a plea agreement is silent on the merger issue).

{¶19} In *Woolum* at ¶ 24-25, we reversed the judgment and remanded the case to the trial court to conduct the *Johnson* analysis:

> In the case sub judice, the record indicates that the question of allied offenses of similar import was minimally discussed at sentencing. There is no indication that the trial court undertook a *Johnson* analysis. Rather it appears that the trial court relied upon the appellee's representation that the offenses were separate. Moreover, there are insufficient facts in the record for this court to make an allied offense determination. We have consistently declined to conduct the *Johnson* analysis in the first instance. *See, e.g., State v. Hurst,* 4th Dist. Washington No. 10CA33, 2013–Ohio–4016, ¶ 9; *State v. Grube,* 4th Dist. Gallia No. 12CA7, 2013–Ohio–692, 987 N.E.2d 287, ¶ 52; *Delawder,*

2012–Ohio–1923, at ¶ 41. "We find it to be inappropriate for this Court to make such an initial determination when the trial court has yet to consider this particular question * * *." *Hurst* at ¶ 9.

**{¶20}** Similarly, at sentencing here the only reference to the question of allied offenses of similar import was Cole's trial counsel raising the issue. The trial court did not perform any analysis pursuant to *Johnson*, and the state did not present any argument on the issue. The facts presented by the state indicate that Cole's petty theft and criminal trespass offenses may be allied offenses of similar import. Under these circumstances, the trial court had a duty to determine in the first instance whether Cole's offenses are allied offenses of similar import under *Johnson*. *Woolum* at ¶ 25; *see also State v. Frederick*, 6th Dist. Erie No. E-13-034, 2014-Ohio-548, ¶ 13 ("Given the possibility of merger in this case, we conclude that the trial court committed plain error in failing to conduct an allied offenses analysis prior to sentencing").

**{¶21}** Therefore, when Cole's trial counsel raised this issue, the trial court erred when it failed to determine whether the offenses constitute allied offenses of similar import. We sustain Cole's assignment of error.

## V. CONCLUSION

**{¶22}** Having sustained Cole's assignment of error, we reverse the judgment and remand the cause for the trial court to determine whether Cole's offenses are allied offenses of similar import.

JUDGMENT REVERSED<br>AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
        William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**