[Cite as *State v. Hurst*, 2015-Ohio-4107.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 14CA21 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| MICHAEL HURST, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 09/28/15** |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Francisco E. Lüttecke, Assistant State Public Defender, Columbus, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Kevin A. Rings, Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, A.J.

{¶1} Michael Hurst appeals from three decisions, the first of which is his original conviction and sentencing entry filed on March 28, 2011.[1] The second and third are both post-remand journal entries filed by the trial court on May 20, 2014 and August 27, 2014. On appeal, Appellant contends that 1) the trial court erred when it imposed separate sentences for offenses that arose from the same conduct, were not committed separately or with a

---

[1] This journal entry was actually an "Amended Journal Entry" filed to correct an error in the trial court's original October 13, 2010 journal entry of sentencing.

separate animus, and should have been merged for sentencing purposes under R.C. 2941.25; and 2) the trial court violated his right to due process when it resentenced him without a resentencing hearing.  Because we conclude that the trial court, by merging offenses and modifying Appellant's sentences, essentially re-sentenced Appellant without holding a re-sentencing hearing, which was in violation of Appellant's due process rights contained in Crim.R. 43(A), we must once again reverse and remand this matter for re-sentencing.  Further, because Appellant's second assignment of error is dispositive of the appeal, it is sustained and we do not reach the issues raised under Appellant's first assignment of error.

## FACTS

{¶2} Appellant was convicted of eleven counts of illegal use of a minor in nudity oriented material or performance, second degree felonies in violation of R.C. 2907.323(A)(1).  These convictions involved the "transfer" of the material or performance and were identified as counts 3-13. Appellant was also convicted of eleven counts of illegal use of a minor in nudity oriented material or performance, fifth degree felonies in violation of R.C. 2907.323(A)(3), which simply involved "possession" of the material or performance and were identified as counts 14-24.  Appellant was further convicted of tampering with evidence, a third degree felony in violation of

R.C. 2921.12(A)(2), identified as count 1 of the indictment. Appellant was sentenced for his convictions on each count, to a combined prison term of twenty-six and a half years, as evidenced in the trial court's original October 13, 2010 entry, and as corrected in the amended March 28, 2011 journal entry.

{¶3} Appellant filed an initial appeal from his convictions and sentences, which we affirmed in *State v. Hurst*, 4th Dist. Washington No. 10CA33, 2012-Ohio-2465. Appellant subsequently filed an application for reopening. Over the objection of the State, this Court granted Appellant's application for reopening regarding whether appellate counsel was ineffective in failing to raise an assignment of error based upon the trial court's imposition of separate, consecutive sentences for offenses which Appellant argues were allied offenses of similar import under R.C. 2941.25. In granting Appellant's application, this Court concluded that Appellant had raised a colorable claim of ineffective assistance of counsel based upon appellate counsel's failure to challenge the trial court's imposition of separate, consecutive sentences for offenses which possibly should have been merged as allied offenses of similar import under the test set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶4} As a result, the matter was reopened, counsel was appointed, and a brief was filed alleging an allied offenses sentencing error.  Specifically, Appellant claimed that the "transfer" convictions, identified as counts 3-13, should have been merged with the "possession" convictions, counts 14-24. Finding it would be inappropriate for this Court to make an initial allied offenses determination when the trial court had not yet considered the particular question and had not had the benefit of applying the new test set forth in *Johnson*, supra, we vacated the consecutive sentences imposed on all of the "transfer" convictions (counts 3-13) and "possession" convictions (counts 14-24), and remanded the matter for an allied offenses determination and further proceedings. *State v. Hurst*, 4th Dist. Washington No. 10CA33, 2013-Ohio-4016.

{¶5} On remand, the trial court failed to hold a hearing, but instead apparently ordered briefs to be submitted on the issue of allied offenses.  In a decision dated May 20, 2014, the trial court stated that the matter had been remanded to the trial court for a specific determination regarding the issue of merger of the "transfer" convictions with the "possession" convictions. Over the apparent urging of Appellant to the contrary, the trial court further stated that it had "no jurisdiction to re-sentence this Defendant."  Thus, although the trial court acknowledged in its decision that this Court had

vacated all of the sentences for the transfer and possession offenses, it claimed it had no jurisdiction to resentence Appellant and did not hold a re-sentencing hearing.[2]

{¶6} Nonetheless, although no hearing was held and Appellant was not present, the trial court went on to discuss merger of the allied offenses, ultimately merging the convictions on counts 10 and 12 and modifying Appellant's sentence from "an aggregate of 26 years to an aggregate of 25 years."[3]  The trial court applied the *Johnson* test and found that the remaining counts were not allied offenses of similar import.  As the trial court did not consider these actions to be a "re-sentencing" of Appellant, the journal entry filed did not contain any of the usual and required advisements including, but not limited to, post-release control, the imposition of consecutive sentences, and the right to appeal.

{¶7} The record indicates the parties filed objections to the trial court's decision and as such, the trial court filed another journal entry on August 27, 2014.  This journal entry, one page in length, noted the State's election to proceed with sentencing on count 12 rather than count 10, modified Appellant's sentence once again, back to the original twenty-six

---

[2] The trial court also stated, in error, that the Appellate Court "did not disturb" the sentences on counts 3-13; however, as explained in our remand order, the sentences for counts 3-13 and 14-24 were all vacated.
[3] Appellant was originally sentenced to an aggregate twenty-six and a half year sentence, rather than twenty-six, as stated by the trial court.

and a half years, and purported to provide the notice regarding consecutive

sentencing required by R.C. 2929.14(C)(4).[4]  Appellant now appeals the trial

court's post-remand decisions, raising two assignments of error for our

review, as follows.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED WHEN IT IMPOSED SEPARATE
        SENTENCES FOR OFFENSES THAT AROSE FROM THE SAME
        CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH
        A SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED
        FOR SENTENCING PURPOSES UNDER R.C. 2941.25.

  II.    THE TRIAL COURT VIOLATED MR. HURST'S RIGHT TO
         DUE PROCESS WHEN IT RESENTENCED MR. HURST
         WITHOUT A RESENTENCING HEARING."

PROCEDURAL POSTURE

{¶8} We initially note the complex and problematic procedural

posture in which this case presents itself.  As indicated above, Appellant

appealed from three different orders.  The first order is his original, albeit

amended, judgment entry of his conviction and sentence dated March 28,

2011.  The second order, dated May 20, 2014, is a post-remand decision

issued by the trial court merging two counts and modifying Appellant's

aggregate sentence.  The third order, dated August 27, 2014, was made a

---

[4] The notice regarding the imposition of consecutive sentences was incomplete.

part of the appellate record when Appellant filed a "motion for leave to supplement record with final appealable order * * *."

{¶9} The third order consisted of a single page which modified Appellant's aggregate sentence once again, and contained an incomplete advisement regarding the imposition of consecutive sentences.  In his motion for leave to supplement the record, Appellant claimed that the August 2014 journal entry, as well as the originally appealed decision, presumably the 2011 decision, "form the final appealable order for this case."  Although we granted Appellant's motion and permitted the record be supplemented with the August 2014 journal entry, the notion that both orders together form the final appealable order is problematic.

{¶10} It has been held "that the judgment of conviction is a single document." *State v. Bonner*, 10th Dist. Franklin No. 14AP-611, 2015-Ohio-1010, ¶ 18; quoting *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 1.  As such, multiple documents may not constitute a final appealable order, as "[o]nly one document can constitute a final appealable order." Id. at ¶ 17; See also *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 39; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 15-17; *State v. Draget*, 4th Dist. Scioto No. 09CA3306, 2010-Ohio-3541, ¶ 6 (noting that "allowing multiple

documents to create a final appealable order is improper; all required information must be present in a single document"). Further, a modified sentencing entry that fails to include the convictions for the additional counts violates *Baker* and fails to constitute a final appealable order, because in order to determine the aggregate sentence, multiple documents must be considered. *Bonner* at ¶ 25-26.

{¶11} Here, not only can Appellant not combine the trial court's March 2011 and August 2014 journal entries to create a final appealable order, the trial court's August 2014 journal entry was not a final appealable order as it did not include all of Appellant's sentences. Thus, we cannot consider the trial court's August 2014 journal entry. However, because the trial court's May 2014 journal entry addressed the undisturbed sentence imposed on count 1 and then went on to address the remaining counts 3-24, and ultimately modified Appellant's aggregate sentence, we find it adequately included all of Appellant's sentences and therefore satisfies both *Baker* and Crim.R. 32. As such, we proceed to the merits of Appellant's assignments of error, focusing on the May 2014 journal entry only.

ASSIGNMENT OF ERROR II

{¶12} We address Appellant's second assignment of error first, out of order, as it is dispositive of Appellant's appeal. In his second assignment of

error, Appellant contends that the trial court violated his right to due process when it re-sentenced him without holding a re-sentencing hearing. The State counters by arguing that the trial court did not hold a re-sentencing hearing on remand and thus "could not have erred in failing to secure appellant's appearance for a hearing that did not occur." Based upon the following reasons, however, we agree with Appellant.

{¶13} The Supreme Court of Ohio has held that "[w]hen a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus. *Wilson* explained that "[a] sentence that contains an allied-offenses sentencing error is contrary to law" per R.C. 2953.08(A)(4) and thus, an appellate court has authority to vacate sentences affected by an allied-offenses sentencing error and remand the matter for a new sentencing hearing. *Wilson* at ¶ 14. *Wilson* further explained that while "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing[,]" "only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to

review.  Id. at ¶ 15; See also *State v. Garvin*, 8th Dist. Cuyahoga No.

100165, 2014-Ohio-1726 and *State v. Grose*, 5th Dist. Richland No.

14CA30, 2014-Ohio-4499 (reasoning that a re-sentencing hearing need not

be held when original sentences were not vacated and when no finding of

allied offenses was made and thus, no merger occurred post-remand, but

noting that if prior sentences were vacated or if trial court merged offenses

on remand, defendant must be re-sentenced).

{¶14} Based upon the foregoing caselaw as applied to the facts of this

case, the trial court was clearly required to hold a re-sentencing hearing on

remand.  Further, based upon the following, not only was the trial court

required to hold a re-sentencing hearing, Appellant was required to be

physically present at the hearing.  Crim.R. 43(A) provides in section (1) as

follows:

> "* * * the defendant must be physically present at every stage
>
> of the criminal proceeding and trial, including the impaneling
>
> of the jury, the return of the verdict, and the imposition of
>
> sentence, except as otherwise provided by these rules."

" 'Crim.R. 43 provides a criminal defendant the right to be present at every

stage of the criminal proceedings and any modification of a sentence.' "

*State v. Smith*, 4th Dist. Scioto No. 14CA3657, 2015-Ohio-841, ¶ 12;

quoting *State v. Patrick*, 4th Dist. Lawrence No. 12CA16, 2013-Ohio-3821, ¶ 10; citing Crim.R. 43(A)(1); compare *State v. Glasser*, 4th Dist. Athens No. 11CA11, 2012-Ohio-3265, ¶ 49; citing *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 90 (accused has a fundamental right to be present at all critical stages of the criminal trial, but his absence does not necessarily result in prejudicial or constitutional error). Further, it has been held that "[a] violation of Crim.R. 43(A) is a violation of the defendant's due process rights, which requires a reviewing court to reverse and remand the case for resentencing." *State v. Coach*, 1st Dist. Hamilton No. C-990349, 2000 WL 543801 (May 5, 2000).

{¶15} As indicated above, this case is before this Court for the fourth time. Most recently, this Court reversed Appellant's convictions, in part, vacating all of Appellant's convictions sentencing him to consecutive sentences on the eleven "transfer" convictions and the eleven "possession" convictions. Thus, this Court vacated the sentences imposed on counts 3-13 and 14-24. In total, this Court vacated the sentences for twenty-two convictions the last time this matter was before us. We further ordered the matter remanded for further proceedings, and instructed the trial court, upon remand, "to determine whether Appellant's conduct is allied under *State v. Johnson*, supra." Rather, than conducting a re-sentencing hearing, applying

the proper allied offenses test, and re-sentencing Appellant on the twenty-two counts, all of which had been vacated, the trial court ordered briefs be submitted on the allied offenses issue, and then it issued a journal entry on May 20, 2014, merging counts 10 and 12, and modifying Appellant's sentence from twenty-six years to twenty-five years.[5]

{¶16} In its May 20, 2014 journal entry, the trial court stated that it had "one, and only one issue to determine on remand; the issue of merger of the 'transfer' convictions with the 'possession' convictions" and that it had "no jurisdiction to re-sentence this Defendant." As the trial court did not consider this to be a re-sentencing, it provided no advisements, including those related to the imposition of post-release control, consecutive sentences or the right to appeal. Further, as no hearing was held, Appellant was not present when his sentence was modified. All of this was done in error and in violation of *State v. Wilson*, supra, and Crim.R. 43(A).

{¶17} Subsequently, as indicated above, Appellant filed a notice of appeal in this Court on June 19, 2014, indicating that he was appealing from both the March 28, 2011 original sentencing entry, as well as the May 20, 2014 journal entry, which merged counts 10 and 12 and modified his aggregate sentence. Thereafter, on September 11, 2014, Appellant filed a

---

[5] Notably, and as indicated above, Appellant was originally sentenced to twenty-six and one-half years, not twenty-six years.

motion for leave to supplement the record with a final appealable order, attaching thereto an August 27, 2014 journal entry by the trial court, again modifying Appellant's sentence, this time from twenty-five years back to twenty-six and one-half years, and purporting to provide a notice, albeit incomplete, regarding the imposition of consecutive sentences. Once again, there is no indication that a hearing was held or that Appellant was present when his sentence was again modified or when the trial court attempted to provide a statutory advisement regarding the imposition of consecutive sentences.

{¶18} As it now stands, if the trial court's position were accurate, Appellant's twenty-two convictions that were vacated by this Court were never reinstated if the trial court had no jurisdiction to re-sentence Appellant. However, in our view, despite the fact that the trial court stated that it was without jurisdiction to re-sentence Appellant on remand, by going on to merge certain counts and then modify Appellant's aggregate sentence, the trial court did, in fact, re-sentence Appellant, albeit without holding a re-sentencing hearing or affording Appellant his Crim.R. 43(A) right to be present during the re-sentencing. Thus, we agree with Appellant that the trial court erred in re-sentencing him without holding a hearing or permitting him to be present. Further, because Appellant's Crim.R. 43(A) rights were

violated, the judgment entry is invalid and we must reverse and remand this case for re-sentencing.

{¶19} The trial court is instructed, on remand, to conduct a de novo re-sentencing hearing as to the previously vacated counts 3-13 and 14-24. Appellant is required to be present at the hearing, and the hearing and written order that is subsequently filed must address and include all of Appellant's sentences, including counts 1, 3-13 and 14-24. Appellant should also be provided the required statutory advisements, as if being sentenced for the first time. Accordingly, the May 20, 2014 decision of the trial court is reversed and this matter is remanded for re-sentencing.

ASSIGNMENT OF ERROR I

{¶20} In his first assignment of error, Appellant contends that the trial court erred when it imposed separate sentences for offenses that arose from the same conduct, were not committed separately or with a separate animus, and should have been merged for sentencing purposes under R.C. 2941.25. However, because Appellant's second assignment of error is dispositive of the appeal, we do not reach the issues raised under Appellant's first assignment of error.

**JUDGMENT REVERSED
AND REMANDED**.

Harsha, J., concurring:

{¶21} I concur in the reversal and remand but wish to make two points clear.  First, by virtue of our previous remand the trial court regained jurisdiction to resentence Hurst.  Second, under our current remand the trial court must proceed under *Johnson*, *supra* as modified by *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892 ¶ 16 and paragraphs one through three of the syllabus.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED.  Appellant shall recover of Appellee any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment and Opinion.
Harsha, J.:    Concurs with Concurring Opinion.

For the Court,

BY:    _____
Matthew W. McFarland
Administrative Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**