**The STATE of Ohio, Appellee,**

v.

**GASNIK, Appellant.**

[Cite as *State v. Gasnik* (1998), 132 Ohio App.3d 612.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–970802, C–970803, C–970804 and C–970805.

Decided Sept. 25, 1998.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Sherry Green,* Assistant Prosecuting Attorney, for appellee.

*Zachary Gottesman,* for appellant.

PAINTER, Judge.

This case presents a speedy-trial conundrum, which surprisingly enough, is governed by no reported cases. Today we announce a bright-line rule that we hope will be helpful to the trial courts.

On July 13, 1997, defendant-appellant William E. Gasnik was charged with two counts of failure to confine a dog, R.C. 955.22 (fourth-degree misdemeanors), and two counts of failure to cause his dog to display registration tags, R.C. 955.10 (minor misdemeanors). On August 15, 1997, the state amended the R.C. 955.22 violations from fourth-degree misdemeanors to minor misdemeanors. On August 29, 1997, the trial court found Gasnik guilty of all four charges and fined Gasnik $100 plus court costs for each charge. Gasnik then appealed the judgment entered on each charge separately, and this court consolidated Gasnik's four appeals under the number C–970802. Gasnik asserts two assignments of error.

Gasnik's first assignment of error is that he was not brought to trial within the time prescribed under R.C. 2945.71, Ohio's speedy-trial statute. Gasnik claims

that thirty-two days elapsed between the time that the charges were filed and the time that he was brought to trial. He arrives at this number by not including the time period from August 1 to August 15, 1997, during which he requested and received a continuance.[1] According to Gasnik, the trial should have been held within thirty days after the filing of the charges. However, we find Gasnik's assertion to be incorrect.

R.C. 2945.71(A) provides that a defendant facing a minor-misdemeanor charge must be brought to trial within thirty days after his arrest or the service of summons. R.C. 2945.71(B)(1) states that a defendant facing a fourth-degree-misdemeanor charge must be brought to trial within forty-five days after his arrest or the service of summons. Gasnik argues that, because the state amended the R.C. 955.22 violations from fourth-degree misdemeanors to minor misdemeanors, the time period of thirty days under R.C. 2945.71(A) should govern the disposition of this case. On the other hand, the state argues that, even though the fourth-degree misdemeanors were amended to minor misdemeanors, the original time period of forty-five days under R.C. 2945.71(B)(1) should apply.

█ A synthesis of unreported case law interpreting R.C. 2945.71 leads us to the following conclusion. When an original charge is reduced to a lesser charge that carries a shorter speedy-trial time limit, the speedy-trial deadline will be the *earlier* of (1) the speedy-trial deadline for the original charge, applied from the date of the original charge, or (2) the speedy-trial deadline for the lesser charge, applied from the date that the original charge was reduced to the lesser charge.[2] For example, the speedy-trial deadline in the present case is either (1) forty-five days after July 13, the date that Gasnik was charged with the fourth-degree misdemeanors,[3] or (2) thirty days after August 15, the date that the state amended the fourth-degree misdemeanors to minor misdemeanors, whichever is less.[4] The trial court correctly applied the former option, which provided for an earlier deadline than that of the latter option. In fact, from the point of view of both the prosecution and the accused, the trial court applied a rule that is actually

---

1. See R.C. 2945.72(H) (the period of any continuance granted on the accused's own motion extends time).

2. See *State v. Besimer* (Feb. 28, 1996), Ross App. No. 95CA2110, unreported, 1996 WL 87461; see, also, *State v. Henney* (Apr. 28, 1992), Holmes App. No. CA–449, unreported, 1992 WL 100437; *State v. Gigandet* (Nov. 3, 1988), Montgomery App. No. 10847, unreported, 1988 WL 120129.

3. See R.C. 2945.71(B)(1).

4. See R.C. 2945.71(A).

more desirable than the rule propounded by Gasnik. Applying the rule propounded by Gasnik could result in the prosecution not reducing charges that it knows it cannot prove, in order to preserve a lesser charge from speedy-trial challenges.[5] We believe the bright-line rule we have stated is fair to both parties, is easy to apply, and furthers the goals of the speedy-trial statute.

In this case, the thirty-two days that Gasnik claims elapsed before his trial were well within the forty-five-day period required by R.C. 2945.71(B)(1). Contrary to an argument by Gasnik that the trial court did not sufficiently state findings regarding his speedy-trial rights, we hold that the trial court sufficiently stated on the record that Gasnik's trial was within the statutory time period. Gasnik's first assignment of error is overruled.

Gasnik's second assignment is that the trial court erred in denying his request for a continuance. He claims that when the trial court denied his speedy-trial motion to dismiss, which occurred on the same day as his trial, the trial court should have granted him more time to gather physical evidence and obtain counsel. According to Gasnik, who appeared *pro se*, he was not prepared for trial because he assumed that the trial court would grant his motion to dismiss.

Whether to grant or deny a continuance is within the sound discretion of the trial court. The trial court can consider several factors in deciding whether to grant a continuance: the length of the delay requested, prior continuances, inconvenience, the reasons for the delay, and any other relevant factors.[6] In the present case, Gasnik had previously requested and received a continuance. He was aware that the matter was set for trial on August 29. Before the trial date, he had consulted an attorney regarding the case, but he opted to appear without counsel on August 29. Even though he appeared *pro se*, it is reasonable to assume that he should have been aware that it was not certain that the trial court would grant his motion to dismiss. In fact, it would have been error for the court to have done so. In addition, the state had several witnesses present, two of whom were missing work and would have been inconvenienced by the delay. Therefore, we hold that the trial court did not abuse its discretion by denying Gasnik's request for a continuance. Gasnik's second assignment of error is overruled.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., and MARIANNA BROWN BETTMAN, J., concur.

---

5. *Henney, supra.*

6. *State v. Landrum* (1990), 53 Ohio St.3d 107, 115, 559 N.E.2d 710, 721.