[Cite as *State v. Large*, 2015-Ohio-33.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 23947 |
| v. | : | T.C. NO. 09CRB1690 |
| RICKY L. LARGE | : | (Criminal appeal from Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

## O P I N I O N

Rendered on the _____9th_____ day of _____January_____, 2015.

. . . . . . . . . .

RAYMOND DUNDES, Atty. Reg. No. 0041515, 195 S. Clayton Road, New Lebanon, Ohio 45345
    Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 E. Fifth Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Ricky L. Large pled no contest to assault, a first-degree misdemeanor, in the Municipal Court of Montgomery County; a charge of aggravated menacing was dismissed.

The trial court sentenced Large to 180 days in jail, with credit for 60 days served. Before Large completed serving his jail sentence, the sentence was stayed pending appeal.

{¶ 2} Large appeals from his conviction, claiming that the trial court erred in failing to dismiss the charges on speedy trial grounds. For the following reasons, the trial court's judgment will be vacated.

## I. Procedural History

{¶ 3} On August 26, 2009, Large reportedly entered, without permission, the home of his pregnant girlfriend, choked her, and threatened her. That day, Large's girlfriend signed complaints for assault and aggravated menacing, both first-degree misdemeanors, but nothing was filed with the court. On August 27, 2009, a prosecutor approved a felony charge of aggravated burglary. On September 4, 2009, Large was arrested on a warrant related only to that felony charge, and he remained in jail while the case was sent to a grand jury.

{¶ 4} On September 24, 2009, the grand jury returned a no true bill. (The record suggests that Large's girlfriend informed the grand jury that she "might have exaggerated" the underlying facts of the case.) On September 25, 2009, while still in jail, police officers notified the jail that Large should not be released because he was going to be charged with assault and aggravated menacing based on the complaints signed by Large's girlfriend on August 26. The August 26 misdemeanor complaints were filed with the court on September 28, and Large was formally notified of the charges.

{¶ 5} During an October 7, 2009 pretrial conference, defense counsel sought dismissal of the misdemeanor charges on speedy-trial grounds. Counsel argued that Large had been incarcerated for thirty-four days since his September 4, 2009 arrest and that the

ninety-day speedy-trial time had expired due to the "in jail" triple-count provision of R.C. 2945.71(E). Defense counsel asserted that speedy-trial time began running on September 4, 2009, when Large was arrested on the felony charge, because the subsequent misdemeanor charges involved the same incident. The trial court overruled the motion, opining that speedy-trial time did not start to run until September 28, 2009, when Large was notified of the misdemeanor charges. Large then pled no contest to the assault charge, in exchange for which the aggravated menacing charge was dismissed. The trial court found him guilty.

{¶ 6} Prior to sentencing, Large sought to withdraw his plea, claiming that he did not admit to choking the complainant, because allegations of choking were not included in the complaint. A hearing on the motion was scheduled for November 18, 2009. At the hearing, Large sought to re-raise the speedy trial issue. The trial court granted defense counsel two weeks to file a written motion, and it continued the hearing on the motion to withdraw the plea. On January 14, 2010, the trial court denied Large's written request to reconsider the speedy-trial issue, and the hearing on the motion to withdraw Large's plea was rescheduled for February 10, 2010. On February 10, Large informed the trial court that he was withdrawing his motion to withdraw his plea, and the trial court proceeded to sentence Large accordingly.

{¶ 7} Large timely appealed, and we appointed counsel. In 2013, we removed initially-appointed counsel, and the case proceeded with new counsel, who has effectuated the preparation and filing of a transcript and filed an appellate brief. The State has not filed a response.

{¶ 8} Large's sole assignment of error states:

APPELLANT SHOULD BE DISCHARGED BECAUSE THE TRIAL COURT ERRED BY FAILING TO DISCHARGE APPELLANT FOR A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL PURSUANT TO R.C. § 2945.71-73.

{¶ 9}   Large claims that the trial court erred in denying his motion to dismiss on speedy trial grounds.   He states that the misdemeanor charges arose from the same facts as the original felony charge (aggravated burglary), and thus his speedy trial time began to run on September 4, 2009, when he was arrested on the felony charge.

{¶ 10}   The right to a speedy trial is guaranteed by the United States and Ohio Constitutions.  *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989).   Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional protection of the right to a speedy trial" provided in the United States and Ohio Constitutions.  *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996).   As such, that statute must be strictly construed against the State.   *Id.*

{¶ 11}   A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged.   *State v. Gray*, 2d Dist. Montgomery No. 20980, 2007-Ohio-4549, ¶ 15.   "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely.  If the State does not meet its burden, the defendant must be discharged.   R.C. 2945.73." (Citation omitted.)   *Id.*

{¶ 12}   Under R.C. 2945.71(B)(2), a person charged with a misdemeanor of the

first degree must be brought to trial within 90 days after the person's arrest or service of summons. A person charged with a felony must be brought to trial within 270 days of the person's arrest. R.C. 2945.71(C)(2). If a person is charged with multiple charges of different degrees, the speedy trial time is based on the highest degree of the offense charged. R.C. 2945.71(D). Each day during which an individual is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E).

{¶ 13} It is undisputed that Large was arrested on September 4, 2009, and charged with a felony arising out of the incident on August 26, 2009. When the grand jury returned a no true bill on September 24, Large was then charged by complaint with misdemeanors arising out of the same August 26 incident. Large was held in jail on the charges from September 4 until November 4, when he was apparently released and placed on house arrest.

{¶ 14} Large argues that his discharge is mandated by the holding of *State v. Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025 (1989). There, the Ohio Supreme Court stated that, "'[w]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.'" *Adams* at 68, quoting *State v. Clay,* 9 Ohio App.3d 216, 218, 459 N.E.2d 609 (11th Dist.1983). Consistent with *Adams*, the supreme court has further held that, "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." *State v. Baker*, 78 Ohio St.3d 108, 676 N.E.2d 883 (1997),

syllabus.

{¶ 15}   In this case, the two new misdemeanor charges arose from the same facts as the original felony charge, and the facts were known to the State at the time Large was charged with a felony.   Accordingly, Large's speedy trial time for the misdemeanors began to run on September 5, 2009, the day after he was arrested on the felony aggravated burglary charge.[1]   *See, e.g., Oregon v. Kohne*, 117 Ohio App.3d 179, 690 N.E.2d 66 (6th Dist.1997) (holding that the time between the defendant's bind-over to a grand jury on a felony charge and the grand jury's return of a no-bill is chargeable against the speedy-trial deadline for subsequently-filed misdemeanor charges involving the same incident); *State v. Alexander*, 4th Dist. Scioto No. 08CA3221, 2009-Ohio-1401, ¶ 18.

{¶ 16}   Moreover, we agree with the Twelfth District that, under the circumstances before us, R.C. 2945.71(D) does not apply to extend the speedy trial time for the misdemeanor offenses to 270 days, the speedy trial deadline for the original felony charge. In *State v. Miller*, 12th Dist. Warren No. CA2009-01-008, 2009-Ohio-4831, the defendant was originally charged with felony OVI; misdemeanor charges were added, but they were dismissed a few days later.   The defendant was later indicted on a felony OVI.   When it came to the parties' attention that the defendant did not have the necessary prior OVI convictions to warrant a felony charge, the State dismissed the indictment and the defendant was released.   Two weeks later, the defendant was re-charged with misdemeanors.   The Twelfth District held that the defendant's speedy trial time began to run when she was

---

[1] Large uses September 4, 2009, as the starting date for his speedy trial time.   However, the date of arrest is not counted as part of the speedy trial time.   *See, e.g., State v. Wilson*, 2d Dist. Montgomery No. 24577, 2012-Ohio-3098, ¶ 10; *State v. Stewart*, 2d Dist. Montgomery No. 21462, 2006-Ohio-4164, ¶ 16.

arrested on the felony OVI, and that the speedy-trial time applicable to a felony did not apply where the felony indictment was dismissed prior to the defendant's being charged with misdemeanors involving the same incident.

{¶ 17} Large's felony case terminated when the grand jury returned a no true bill. *See Alexander* at ¶ 25. He was not released, and new misdemeanor charges arising from the same incident were filed. Because the misdemeanor charges were instituted after the felony case terminated, R.C. 2945.71(D) did not operate to apply the 270-day speedy trial time for the original aggravated burglary charge to the two new misdemeanor charges.

{¶ 18} From September 5 (the day after Large's arrest) until October 7, 2009, when he raised the speedy trial issue with the trial court, Large had been jailed in lieu of bond for 32 calendar days. Counted on a three-to-one basis, Large had been held on the pending charges for 96 speedy trial days, more than the 90-day limit allowed for first-degree misdemeanors. Accordingly, we conclude that the trial court erred in denying Large's motion to dismiss on speedy trial grounds.

{¶ 19} Large's assignment of error is sustained.

{¶ 20} Large's conviction for assault will be vacated.

. . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., dissenting:

{¶ 21} On the facts presented, I would hold that the disposition of this case in the trial court did not violate speedy-trial limits.

{¶ 22} Appellant Ricky Large was charged by complaint with a felony, one count of

aggravated burglary, in the County Court of Montgomery County (Area One) on August 28, 2009. He was arrested on a warrant that had been issued on that felony charge. At that time, the State had ninety days (270 divided by three) to bring him to trial if he remained in jail until the trial or plea. Only after the grand jury did not indict were misdemeanor charges filed. This, to me, is a reasonable and efficient manner to process the case. It doesn't make sense to file misdemeanor charges that are encompassed by a felony charge until it is determined that there will be no indictment for a felony. One then must decide how to apply speedy-trial limitations.

{¶ 23} The majority cites *State v. Adams*, 43 Ohio St. 3d 67, 538 N.E. 2d 1025 (1989), for the proposition that new or additional charges are subject to the same speedy-trial limitations as the original charge. In *Adams,* the Ohio Supreme Court adopted the rule established in *State v. Clay,* 9 Ohio App. 3d 216, 218, 459 N.E.2d 609 (11th Dist.1983): "'[W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." *Adams* at 68, quoting *Clay* at 218. However, neither of those cases sheds light on the issue in this case.

{¶ 24} In *Clay*, the defendant was arrested and charged with several felonies. Several months later, the defendant was indicted on additional felony charges related to the same events. Therefore, all of the charges were governed by the speedy-trial time frame applicable to felonies, beginning from the date of arrest, which had been exceeded. In *Adams*, the defendant was arrested on an OVI charge under R.C. 4511.19(A)(3). He waived

speedy-trial time. Thereafter, that charge was dismissed and he was charged with a violation of R.C. 4511.19(A)(1). The *Adams* court held that the speedy-trial waiver for the first charge did not waive speedy-trial time for the subsequent charge. Therefore, the ninety-day speedy trial time for the subsequent charge began at arrest on the initial charge and had expired, requiring dismissal. Because the facts in both *Clay* and *Adams* are significantly different than here, I do not believe either case is dispositive.

{¶ 25} In my view, the fact pattern here is more akin to *State v. Gasnik*, 132 Ohio App.3d 612, 725 N.E.2d 1162 (1st Dist.1998). There the defendant was charged on July 13, 1997 with two counts of failure to confine a dog, fourth-degree misdemeanors, and two counts of failure to display dog-registration tags, both minor misdemeanors. Under R.C. 2945.71, the fourth-degree misdemeanors were required to be tried in forty-five days and the minor misdemeanors in thirty days. On August 15, 1997, the State amended the fourth-degree offenses to minor misdemeanors. On August 29, 1997, the defendant was found guilty of all charges. Speedy-trial time calculations excluded fourteen days from August 1, 1997 until August 15, 1997 due to a continuance requested by the defense.

{¶ 26} On appeal, the defendant in *Gasnik* argued that thirty-two days of speedy-trial time elapsed between the filing of the charges and trial. The First District adopted the following rule: "When an original charge is reduced to a lesser charge that carries a shorter speedy-trial time limit, the speedy-trial deadline will be the *earlier* of (1) the speedy-trial deadline for the original charge, applied from the date of the original charge, or (2) the speedy-trial deadline for the lesser charge, applied from the date that the original charge was reduced to the lesser charge." *Id.* at 614. Therefore, in *Gasnik* the speedy-trial

time expired at the earlier of forty-five days after the initiation of the fourth-degree misdemeanor charges or thirty days after reduction of those charges to minor misdemeanors, excluding the requested continuance. Applying this rule, the First District found no speedy-trial violation. The rule followed in *Gasnik* has been applied in similar cases. *See State v. Johnson*, 7th Dist. Mahoning No. 12 MA 137, 2014-Ohio-4253, ¶ 93; *State v. Clark*, 11th Dist. Lake No. 2007-L-139, 2008-Ohio-2760, ¶ 30; *State v. Phillips*, 19 Ohio App.3d 85, 482 N.E.2d 1337 (10th Dist.1984).

{¶ 27} I also note that the *Gasnik* rule accommodates R.C. 2945.71(D), which states: "A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section." Thus, if Large had been charged with the felony *and* the misdemeanor charges at arrest, and he had remained in custody, and the felony later had been dismissed, the time for trial of the misdemeanor charges would have been the earlier of ninety days from arrest or thirty days from dismissal of the felony, whichever was earlier. Because it would be whichever is earlier, I do not propose that the 270-day time limit for the felony applies to the misdemeanor charges if and when the felony is no longer pending. Here Large's plea disposition was within both ninety days from arrest and thirty days from the time when the felony was no longer pending. Accordingly, his statutory speedy-trial right was not violated.

{¶ 28} I recognize that there is some case law to the contrary. In *State v. Miller*,

12th Dist. Warren No. CA2009-01-008, 2009-Ohio-4831, ¶ 22, that court held that the speedy-trial time applicable to a felony cannot be applied where a felony indictment is dismissed and a defendant then is charged with misdemeanors involving the same incident. In *City of Oregon v. Kohne*, 117 Ohio App.3d 179, 690 N.E.2d 66 (6th Dist.1997), that court held that the time between the defendant's bind-over to a grand jury on a felony charge and the grand jury's return of a no-bill is chargeable against the speedy-trial deadline for subsequently-filed misdemeanor charges. But I conclude that the *Gasnik* rule is a better application of the speedy-trial limitations, preventing unnecessary duplicate filings in multiple courts and still protecting the timeliness of disposition. Accordingly, I dissent.

. . . . . . . . . .

Copies mailed to:

Raymond Dundes
Lori R. Cicero
Hon. James L. Manning