[Cite as *State v. Nguyen*, 2015-Ohio-4414.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA42 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| CHARLES H. NGUYEN, | : | |
| Defendant-Appellant. | : | **RELEASED: 10/21/2015** |

APPEARANCES:

Elizabeth N. Gaba, Columbus, Ohio, for appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for appellee.

Harsha, J.

{¶1}    Charles H. Nguyen appealed his convictions for rape, kidnapping, aggravated burglary, and tampering with evidence, and for the most part, we overruled his assignments of error and affirmed.  Nevertheless, we sustained two assignments of error in part and remanded the cause to the trial court to determine whether Nguyen committed the (1) rape and the aggravated burglary and the (2) kidnapping and the aggravated burglary separately or with a separate animus and if necessary, to resentence him accordingly.  On remand the trial court determined that the specified offenses did not merge and reaffirmed its prior sentence.

{¶2}    In his first assignment of error Nguyen asserts that the trial court erred in conducting a merger analysis of the offenses because defects and ambiguity in the indictment, bill of particulars, and jury verdicts made this analysis impossible and required a new trial.  In part of his second assignment of error Nguyen repeats some of

this argument and again requests a new trial. He also contends that the trial court erred in failing to merge his rape and kidnapping offenses. In his fourth assignment of error Nguyen contends that the trial court erred by not declaring R.C. 2941.25 unconstitutional and void for vagueness on its face and as applied in this case. Because Nguyen could have raised these arguments in his initial appeal but did not, res judicata precludes our consideration of them following remand.

{¶3} In the remaining portion of his second assignment of error Nguyen argues that the trial court erred in failing to merge the aggravated burglary offense with the rape and kidnapping offenses. In his third assignment of error Nguyen claims that the trial court erred in relying on *State v. Smith*, 8th Dist. Cuyahoga No. 100641, 2014-Ohio-3420, to support its finding that the aggravated burglary count did not merge with the rape and kidnapping counts. The evidence of Nguyen's conduct supports the trial court's imposition of convictions for the aggravated burglary, rape, and kidnapping offenses because the record indicates that the offenses had separate victims; therefore the trial court correctly refused to merge these offenses. And although the trial court's apparent reliance on *Smith* was erroneous, it does not require reversal because we review judgments, not the rationale behind them.

{¶4} In his fifth assignment of error Nguyen argues that the trial court erred by "affirming concurrent" (sic)[1] and disproportionate sentences in violation of his Eighth Amendment rights. We reject the state's contention that Nguyen cannot raise this claim because he could have raised it in his prior appeal. In that appeal we decided not to address Nguyen's complaint about maximum and consecutive sentences because the

---

[1] Presumably Nguyen's counsel meant to say "reimposing" and "consecutive" when she used "affirming" and "concurrent", respectively.

remand for the merger analysis might render his contention moot upon resentencing. Res judicata does not apply here.

{¶5}    Nevertheless, we also reject Nguyen's specifically assigned error that his aggregate 30-year prison term violated the Eighth Amendment prohibition against cruel and unusual punishment.  Because none of the sentences for each of his individual crimes is grossly disproportionate to those respective crimes, his aggregate prison sentence does not constitute cruel and unusual punishment.

{¶6}    Finally, Nguyen also argues in his fifth assigned error that the trial court violated R.C. 2929.14 by imposing consecutive sentences without making statutorily required findings. However, we need not address this contention because we review assignments of error and not mere arguments. Here his argument of error is limited to application of the Eighth Amendment. Likewise, his contentions that his trial counsel was ineffective for rejecting a plea offer, and that he received a penalty for exercising his right to trial, are not specifically assigned as error, so we will not address them. And these last two contentions are barred by res judicata.

{¶7}    Therefore, we overrule Nguyen's assignments of error and affirm his convictions and sentence.

## I. FACTS[2]

{¶8}    A grand jury indicted Nguyen for rape, kidnapping, aggravated burglary, and tampering with evidence.  He pleaded not guilty, and a jury trial produced the following evidence.

---

[2] Except where otherwise noted, these facts are taken from our decision in Nguyen's prior appeal.  *See State v. Nguyen*, 4th Dist. Athens No. 12CA14, 2013-Ohio-3170, ¶ 14-20.

{¶9}    Nguyen and the victim, H.N., met online on VietSingle.com. Nguyen lived in New York City, and H.N. lives in Athens, Ohio.  Near the end of March 2009, H.N. went on vacation to New York City and met Nguyen in person.  On the second day of the trip H.N. told Nguyen she just wanted to be friends.  But they continued to communicate, and Nguyen visited her in Ohio from May 9, 2009, to May 17, 2009.  During the visit H.N. realized they could not be friends because Nguyen still wanted a romantic relationship.  When she drove him to the airport on May 17th, H.N. ended the friendship.  She tried to give Nguyen a goodbye hug at the airport, but he turned and walked away.

{¶10}  On May 19, 2009, Nguyen unexpectedly came to H.N.'s apartment where she was present along with her three-year-old nephew, K.B.  Nguyen told her that he wanted to apologize for his behavior at the airport and stepped into the apartment.  H.N. went to her bedroom to change because she felt exposed in her pajamas.  Nguyen followed, so she sat on the edge of her bed and used her arms to cover herself.  Nguyen sat and told her that he wanted them to be together.  When she rejected him, he took white rope from his pocket.  She asked what he was doing, and he told her not to scream.  H.N. begged him not to "do this," but he took off her shorts and ripped her shirt off.  He spread her legs and examined her to see if she had "had sex with anybody."

{¶11}  Later, Nguyen told H.N. to turn around so he could tie her hands with the rope.  She kept saying "please don't," and Nguyen told her not to scream or he would kill K.B.  After he tied her hands up, he told her to lie on the bed so he could tie her ankles together.  When she begged him to not kill her, he replied he would not because

he loved her.  H.N. tried to fight, but he said, "I am not kidding around, I am going to kill K.B."  When H.N. continued to fight, Nguyen said, "I swear I have scissors in my pockets I will slit his throat."  As she lay on the bed, he tied her ankles together.  H.N. tried to calm Nguyen down while she worked one of her wrists free.  Nguyen made her promise to give their relationship another chance and said if she broke her promise, her family would "die a horrible death."  Then he used scissors and cut the ropes off her ankles and other wrist.  But when H.N. sat up, Nguyen took off his pants and said "I am just gonna do this."  H.N. begged him to stop, but he threatened K.B. again.  Nguyen let H.N. check on K.B. in another room, but when she returned to the bedroom, he told her to "lay down, we are gonna do this."  Then he inserted his penis into her vagina.  A few minutes later, he ejaculated on her stomach, and she used a scarf to wipe off the semen.

{¶12}  Nguyen told H.N. he was taking her to New York.  He made her pack and get dressed, and he used medical tape to bind her arms together.  He also tried to blindfold her with a tie and tape her mouth shut but took the items off when H.N. protested.  He took her to the living room and asked if she was going to call the police. After H.N. promised she would not, he used the scissors to cut her free.  He let H.N. get in her car with K.B. around 9:45 a.m. so she could go to work.  H.N. drove to work, where she told her sister's boyfriend what happened and called 911.  Then she went to the police station.  Before H.N. left the house she saw Nguyen pick up pieces of the rope and stuff them in his pockets.  She thought he also put the scissors and medical tape in his pockets.  Law enforcement did not find the scissors or tape at the crime scene and only found what H.N. identified as a portion of the rope Nguyen used.  The

State presented evidence that Nguyen's semen was in H.N.'s vagina after the incident, and his cell phone was in the Athens area around the time of the rape.

{¶13} After Nguyen chose not to testify or call any witnesses on his behalf, a jury found him guilty on all counts. The court sentenced him to 10 years each for rape, kidnapping, and aggravated burglary and five years for tampering with evidence. The court ordered that the sentences for rape, kidnapping, and aggravated burglary run consecutive to each other and the sentence for tampering with evidence run concurrent to the other sentences, for an aggregate 30-year sentence.

{¶14} On appeal we overruled most of Nguyen's assignments of error. *State v. Nguyen*, 4th Dist. Athens No. 12CA14, 2013-Ohio-3170 ("*Nguyen I*"). But we sustained that portion of his assignment of error contesting the trial court's refusal to merge his rape and aggravated burglary offenses and his kidnapping and aggravated burglary offenses.[3] *Id.* at ¶ 108-109. We remanded the cause to the trial court to determine whether Nguyen committed the crimes of rape and aggravated burglary and kidnapping and aggravated burglary separately or with a separate animus and if necessary, to resentence him accordingly. *Id.* at ¶ 108-109, 116.

{¶15} However, we refrained from addressing that portion of Nguyen's assignment of error claiming that the trial court erred when it imposed maximum and consecutive sentences for his rape, kidnapping, and aggravated burglary convictions. We did so because "if on remand the trial court concludes that the kidnapping and aggravated burglary offenses merge or that the rape and aggravated burglary charges

---

[3] In *Nguyen I*, we also overruled the part of this same assignment of error in which Nguyen claimed that the trial court erred in failing to merge his rape and kidnapping offenses. We held that "evidence supports the conclusion that the post-rape restraint and movement of the victim was not merely incidental to the rape." *Id.* at ¶ 107.

merge, some of the issues raised in this assignment of error as to those three convictions might be rendered moot." *Id.* at ¶ 110, 116.

{¶16} On remand the state filed a request for findings of fact asking the trial court to "affirm" the findings of the predecessor judge who found that Nguyen committed the crimes of aggravated burglary and rape, as well as aggravated burglary and kidnapping separately and with a separate animus. In a subsequent filing the state asked the court to apply *State v. Smith*, 8th Dist. Cuyahoga No. 100641, 2014-Ohio-3420, to find that "[o]nce the Defendant deceivingly entered into the victim's home with the intent to commit a felony inside, the crime of aggravated burglary was complete" and was thus committed separately from the rape and kidnapping that followed.

{¶17} After hearing the parties' arguments the court indicated that it was going to reject Nguyen's request that the offenses merge, based in part on *Smith*:

> [B]ased on my review of uh, all the pleadings, the file, the arguments of counsel the Court uh, is going to adopt the sentencing order made by Judge Ward. I'm going to find that in this case uh, there was a separate animus for the aggravated burglary as to the rape and kidnapping. That, I'm going to adopt the reasoning in *State v. Smith*, 8th District uh, Court of Appeals, 2014-Ohio-340. Find that the aggravated burglary was complete upon the entry with the purpose or the intent to commit another felony. Be that rape or kidnapping. And that the uh, rape or kidnapping was a, the physical harm associated with that was an element or an enhancement to the offense uh, therein.

{¶18} Following the hearing the trial court issued an entry that adopted the State's position. The trial court thus reimposed Nguyen's "previously ordered thirty (30) year prison sentence. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶19} Nguyen assigns the following errors for review:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO PROPERLY ADDRESS THE FUNDAMENTAL STRUCTURAL ERRORS IN THIS CASE THAT FORECLOSED A CONCLUSION ABOUT MERGER OF ALLIED OFFENSES OF SIMILAR IMPORT AT SENTENCING.  IT IS IMPOSSIBLE IN THIS CASE FOR THE COURT TO DETERMINE WHETHER THE OFFENSES OF KIDNAPPING AND AGGRAVTED BURGLARY, AND THE OFFENSES OF RAPE AND AGGRAVATED BURGLARY, AND EVEN THE OFFENSES OF RAPE AND KIDNAPPING, ARE ALLIED OFFENSES OF SIMILAR IMPORT BECAUSE OF THE DUPLICITY AND AMBIGUITY OF THE INDICTMENT, AND THE AMBIGUITY OF THE BILL OF PARTICULARS AND THE JURY VERDICTS, AND AS SUCH, DEFENDANT IS ENTITLED TO A NEW TRIAL.  A COURT CANNOT CONDUCT MERGER ANALYSIS BASED ON THESE INCONCLUSIVE VERDICTS, AND CANNOT SUBSTITUTE ITS FACT-FINDING FOR THAT OF THE JURY.  TO DO SO IS UNCONSTITUTIONAL.

2. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO PROPERLY MERGE ALLIED OFFENSES OF SIMILAR IMPORT AT SENTENCING PURSUANT TO R.C. 2941.25.

3. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN USING *State v. Smith*, 2014-Ohio-3420 TO SUPPORT ITS FINDING THAT THE AGGRAVATED BURGLARY COUNT DOES NOT MERGE WITH THE RAPE AND KIDNAPPING COUNTS.  THE FINDING IS WRONG, THE CASE IS INAPPOSITE, AND, IF THIS COURT DOES NOT CONCLUDE THAT THERE IS FUNDAMENTAL STRUCTURAL ERROR IN THE NGUYEN CASE, THEN THE COUNTS SHOULD MERGE.

4. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT DECLARING R.C. 2941.25 UNCONSTITUTIONAL AND VOID ON ITS FACE AND AS APPLIED IN THIS CASE.  AS A RESULT, EITHER NGUYEN IS ENTITLED TO A NEW TRIAL OR THE TRIAL COURT SHOULD HAVE MERGED ALL ALLIED OFFENSES.

5. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN AFFIRMING CONCURRENT (SIC) AND DISPROPORTIONATE SENTENCES IN VIOLATION OF APPELLANT'S EIGHTH AMENDMENT RIGHTS.

III. LAW AND ANALYSIS

A.  Res Judicata

**{¶20}** In his first assignment of error Nguyen asserts that the trial court erred in performing a merger analysis of the offenses because the ambiguity in the indictment, the bill of particulars, and the jury verdicts made that task impossible, and required a new trial. In part of his second assignment of error Nguyen repeats this argument and reiterates his request for a new trial. In both of these assignments of error he also contends that the trial court erred in failing to merge his rape and kidnapping offenses. In his fourth assignment of error Nguyen contends that the trial court erred by not declaring R.C. 2941.25 unconstitutional and void for vagueness on its face and as applied to this case.

**{¶21}** Res judicata bars all of these claims because they are based entirely on the record of his jury trial and Nguyen should have raised them in his prior appeal. " 'Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand.' " *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 95, quoting *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995); *see also State v. Gillard*, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997) (issues not raised in prior appeal are barred by res judicata and overruled without further consideration). Nguyen cites no persuasive authority in support of his contention that his claims raise structural error, or that these errors are not also barred by res judicata. *See Lloyd v. Robinson*, 4th Dist. Ross No. 14CA3462, 2015-Ohio-33, ¶ 16. Res judicata also bars Nguyen's attempt to resurrect his claim from his prior appeal that his offenses of rape and kidnapping should have merged. *See* fn. 3 *above; State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 28, quoting *State v. Perry*, 10 Ohio St.2d 175,

226 N.E.2d 104 (1967), paragraph nine of the syllabus (" 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment' ").

**{¶22}** Furthermore, Nguyen additionally forfeited his constitutional challenge to R.C. 2941.25 by failing to raise it below. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 26, 236 N.E.2d 545 (1968), paragraph three of the syllabus ("It is a well-established rule that ' "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court" ' "). Therefore, we overrule the first, part of the second, and the fourth assignments of error.

B.  Allied Offenses of Similar Import

**{¶23}**  In his second assignment of error Nguyen contends that the trial court erred by failing to properly merge allied offenses of similar import at sentencing in accordance with R.C. 2941.25.  In his third assignment of error he claims that the trial court erred in using *State v. Smith*, 8th Dist. Cuyahoga No. 100641, 2014-Ohio-3420, to support its decision not to merge his aggravated burglary offense with his rape and kidnapping offenses.

{¶24}  The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb," and this protection applies to Ohio citizens through the Fourteenth Amendment and is additionally guaranteed by Article I, Section 10 of the Ohio Constitution.  This constitutional protection prohibits a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense in a single trial.  *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). This last protection does no more than prevent the sentencing court from proscribing greater punishment than the legislature intended. *State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶6.

{¶25}  The General Assembly enacted R.C. 2941.25 to specify when multiple punishments can be imposed:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶26}  Appellate courts apply a de novo standard of review in an appeal challenging a trial court's determination of whether offenses constitute allied offenses of similar import that must be merged under R.C. 2941.25.  *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28; *State v. Cole*, 4th Dist. Athens No.

12CA49, 2014-Ohio-2967, ¶ 7.  Merger is a sentencing question where the defendant bears the burden of establishing his entitlement to the protection of R.C. 2941.25.  *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18.

{¶27}  In *Nguyen I* at ¶ 108-109, we determined that the offenses of rape and aggravated burglary and the offenses of kidnapping and aggravated burglary were offenses of similar import because the force or threat of force used to commit the rape or kidnapping could satisfy the requirement for aggravated burglary that the offender "inflicts, or attempts or threatens to inflict physical harm on another."  *See* R.C. 2907.02(A)(2), 2905.01(A)(2), and 2911.11(A)(2).  We remanded the cause to the trial court to determine whether Nguyen committed these crimes separately or with a separate animus.  *Nguyen I* at ¶ 108-109. On remand the trial court determined that the specified offenses should not merge under R.C. 2941.25.

{¶28}  Nguyen argues that the trial court erred because it incorrectly relied on the appellate case cited by the state—*Smith*, 8th Dist. Cuyahoga No. 100641, 2014-Ohio-3420.  The trial court did not cite this case in its journal entry, but a review of the hearing on remand indicates that it specifically relied on *Smith*.  Although a court generally speaks only through its journal entries, the reviewing court must examine the entire entry and proceedings when it is in the interest of justice to ascertain the grounds upon which a judgment is rendered.  *See Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 551 N.E.2d 172 (1990), paragraph one of the syllabus; *Infinite Security Solutions, L.L.C. v. Karam Properties II, Ltd.*, __ Ohio St.3d __, 2015-Ohio-1101, __ N.E.3d __, ¶ 29.  In fact, the state does not suggest that the trial court did not rely on *Smith,* so we presume that it did.

**{¶29}** In *Smith* the Eighth District Court of Appeals held that burglary and theft were not allied offenses of similar import subject to merger; once the defendant entered the victim's home without her permission with an intent to commit a felony inside, the crime of burglary was complete so that the defendant's subsequent theft of the victim's television and Wii console was committed separately. The trial court relied on *Smith* and adopted the state's argument that Nguyen's offense of aggravated burglary was complete when he entered the residence in which H.N. and her nephew K.B. were present.

**{¶30}** There are three problems with the trial court's rationale. First, the offense of burglary at issue in *Smith* does not include the additional element in the offense of aggravated burglary at issue here, i.e. that the offender "inflicts, or attempts or threatens to inflict physical harm on another." When Nguyen entered the residence there had not yet been any infliction, attempt, or threat to inflict physical harm on anyone. Second, as we noted in *Nguyen I* at ¶ 85, in resolving a manifest-weight challenge "[e]vidence suggests that H.N. implicitly consented to Nguyen's entrance into the apartment" so that the trespass required for aggravated burglary did not occur until after he entered the residence and his privilege to remain in the residence was terminated by his criminal conduct. More importantly, the court's reliance on *Smith* requires the "parsing" of conduct that *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 criticized. Therefore, the trial court incorrectly relied on *Smith* to deny Nguyen's request for merger of the rape and aggravated burglary offenses and for merger of the kidnapping and aggravated burglary offenses.

{¶31} Nevertheless, " 'a reviewing court should not reverse a correct judgment merely because it is based on erroneous reasons.' " *State v. Marcum*, 4th Dist. Hocking No. 14CA13, 2014-Ohio-5373, ¶ 27, quoting *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 51.  In other words, we review judgments, not the rationale behind them.

{¶32} The Supreme Court of Ohio recently clarified the appropriate analysis to determine whether two offenses merge under R.C. 2941.25 in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892.  "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import."  *Id.* at paragraph one of the syllabus.    "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true:  (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus."  *Id.* at paragraph three of the syllabus.[4]

{¶33} In *Nguyen I* at ¶ 108-109, we held that under the Ohio Supreme Court's decision in *Johnson* at ¶ 42, the charged offenses of rape and aggravated burglary and kidnapping and aggravated burglary were offenses of similar import because it was possible to commit these offenses with the same conduct.  We thus remanded the

---

[4] Although we could remand the cause to the trial court to redetermine the merger issue based on the factors specified in *Ruff*, 143 Ohio St.3d 144, 2015-Ohio-995, 34 N.E.3d 892, because this raises a de novo issue and the record is sufficient, we elect to apply Ruff in the first instance.  *See State v. Kirkby*, 9th Dist. Summit Nos. 27381 and 27399, 2015-Ohio-1520, fn. 2 (court applied Ruff in the first instance rather than remanding the case to the trial court while noting that the Supreme Court in Ruff remanded the matter to the court of appeals to consider whether aggravated burglary and rape were crimes of similar import rather than instructing the court of appeals to remand the matter back to the trial court to make the determination).

cause to the trial court to determine whether these offenses required merger because they were committed as single acts with the same animus. *Id.*

**{¶34}** But in *Ruff*, which the Supreme Court decided after we decided *Nguyen I*, the court held at ¶ 16 that its previous analysis in *Johnson* was "incomplete because R.C. 2941.25(B) provides that when a defendant's conduct constitutes two or more offenses of *dissimilar* import, the defendant may be convicted of all of the offenses." (Emphasis sic.) The Supreme Court held that notwithstanding its previous analysis set forth in *Johnson.* "[t]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results in each offense is separate and identifiable." Although we were without the benefit of the Supreme Court's decision in *Ruff* when we decided *Nguyen I*, it is applicable now. " 'The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law.' " *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011-Ohio-5262, 958 N.E.2d 1203, ¶ 56, quoting *Peerless Elec. Co. v. Bowers*, 164 Ohio St. 209, 210, 129 N.E.2d 467 (1955); *see also State v. Bey*, 85 Ohio St.3d 487, 508-509, 709 N.E.2d 484 (1999). Therefore, we apply Ohio Supreme Court decisions retrospectively except when those decisions create new constitutional rights. *See State v. Creech*, 4th Dist. Scioto No. 12CA3500, 2013-Ohio-3791, ¶ 13, fn. 6. *Ruff* did not create a new constitutional right so it applies here.

**{¶35}** Under *Ruff*, the trial court's refusal to merge the offenses of rape and aggravated burglary was correct. Although the aggravated burglary was not complete

at the time Nguyen entered the residence, the evidence established that it was complete before the rape occurred. Shortly after he entered the apartment where H.N. and her nephew K.B. were present, he followed her to her bedroom and after H.N. rejected his request that they be together, he took rope out of his pocket, took off her shorts, and ripped off her shirt. When H.N. continued to resist, Nguyen told her not to scream or he would kill K.B. He told her once again that he would kill K.B. when she continued to resist, and he threatened to slit K.B.'s throat when she continued to fight. Because K.B. was a victim of these threats and was present in the occupied structure, Nguyen's aggravated burglary was dissimilar in import from his rape and kidnapping of H.N. Significantly, the state filed a bill of particulars that listed both K.B. and H.N. as being present in the residence during Nguyen's aggravated burglary, i.e., which indicated that both were separate victims of the offense.

**{¶36}** When the defendant's conduct puts two individuals at risk, that conduct can support separate convictions because the crimes are of dissimilar import. *Ruff* at ¶ 23, 26, and paragraph two of the syllabus. H.N. was the sole victim of the rape and the kidnapping, but K.B. was a separate victim of the aggravated burglary—he was in the apartment during Nguyen's trespass and violent acts; some of the threats involved harm to K.B. *See Ruff* at paragraph two of the syllabus ("Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable").

**{¶37}** Nguyen relies on the court of appeals' decision in *State v. Ruff*, 2013-Ohio-3234, 996 N.E.2d 513, (1st Dist.), which held at ¶ 33 that the trial court in that

case erred by not merging offenses of aggravated burglary and rape because "each aggravated burglary was not completed until Mr. Ruff raped his victims, and the state necessarily relied upon evidence of the rapes to establish the elements of the aggravated burglary offenses. The conduct relied upon to establish rape—sex compelled by force—was the same as the conduct relied upon by the state to establish the 'physical harm' component in R.C. 2911.11(A)(1)." But Nguyen fails to note that the Supreme Court of Ohio reversed that judgment of the court of appeals case relied on by him. *See Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. Therefore, after applying the Supreme Court's analysis in *Ruff* to the evidence submitted during the jury trial, we hold that Nguyen failed to satisfy his burden of proving that the offenses of rape and aggravated burglary or the offenses of kidnapping and aggravated burglary should merge under R.C. 2941.25. The offenses were offenses of dissimilar import because the aggravated burglary included an additional victim—H.N.'s nephew, K.B. We overrule Nguyen's second and third assignments of error.

### C. Cruel and Unusual Punishment

**{¶38}** In his fifth assignment of error Nguyen asserts that the trial court erred in affirming concurrent and disproportionate sentences in violation of his Eighth Amendment rights. Nguyen actually argues that the trial court erred in imposing consecutive sentences for his rape, kidnapping, and aggravated burglary convictions, which resulted in his 30-year aggregate prison term.

**{¶39}** Initially we reject the state's contention that Nguyen's claim is barred by res judicata because he could have raised it in his prior appeal. We explicitly did not address Nguyen's claim contesting his aggregate sentence in *Nguyen I*. We noted that

"if on remand the trial court concludes that the kidnapping and aggravated burglary offenses merge or that the rape and aggravated burglary charges merge, some of the issues raised in this assignment of error as to those three convictions might be rendered moot." *Nguyen I*, 4th Dist. Athens No. 12CA14, 2013-Ohio-3170, at ¶ 110. Therefore, res judicata did not bar this claim.

**{¶40}** Nguyen's assigned error raises an Eighth Amendment claim. "[T]he Eighth Amendment's prohibition on 'cruel and unusual punishments' requires that the 'punishment for crime * * * be graduated and proportioned to [the] offense.' " *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, ¶ 167, quoting *Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910). Nguyen challenges the trial court's imposition of consecutive sentences. But it is well established that " '[w]here none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment.' " *State v. Leonhart*, 4th Dist Washington No. 13CA38, 2014-Ohio-5601, ¶ 61, quoting *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, syllabus. Because none of Nguyen's sentences for his individual crimes of rape, kidnapping, and aggravated burglary is grossly disproportionate to those respective crimes, his aggregate prison term does not constitute cruel and unusual punishment. *Id.*

**{¶41}** Nguyen also argues in his fifth assignment of error that the trial court violated R.C. 2929.14 by imposing consecutive sentences. However we do not address this contention because we review assignments of error and not mere arguments. *See*

*State v. Wade*, 4th Dist. Ross No. 14CA3435, 2015-Ohio-997, ¶ 21; *State v. Lamb*, 4th

Dist. Highland No. 14CA3, 2014-Ohio-2960, ¶ 13.   Similarly, we will not address

Nguyen's claim that his trial counsel was ineffective for failing to accept a plea deal that

would have resulted in a recommended five-year prison term.  Nguyen's assigned error

is restricted to challenging the trial court's imposition of cruel and unusual punishment in

violation of his Eighth Amendment rights.  Therefore, we overrule Nguyen's fifth

assignment of error.

## IV. CONCLUSION

**{¶42}**    The trial court properly denied Nguyen's request on remand that his

offenses of rape and aggravated burglary and his offenses of kidnapping and

aggravated burglary merge.  Having overruled Nguyen's assignments of error, we affirm

the judgment of the trial court

JUDGMENT AFFIRMED.

**<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, A.J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**